334 F.2d 991
 RAILROAD TRANSFER SERVICE, INC., a Delaware corporation,
Plaintiff-Appellant,
v.
CITY OF CHICAGO, a municipal corporation, Richard J. Daley,
Mayor, John C. Melaniphy, Corporation Counsel, Orlando
Wilson, Superintendent of Police, and James Carter, Public
Vehicle License, Commissioner, Defendants-Appellees.
 No. 14479.
 United States Court of Appeals Seventh Circuit.
 July 20, 1964.
 
 David Axelrod, Norman H. Nachman, Arnold L. Burke, Axelrod, Goodman & Steiner and Allan G. Sweig, Chicago, Ill., for appellant.
 Harry H. Pollack, Asst. Corp. Counsel, John C. Melaniphy, Corporation Counsel of City of Chicago, Chicago, Ill., Sydney R. Drebin, Asst. Corporation Counsel, of counsel, for appellees.
 Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 On December 13, 1963, Railroad Transfer Service, Inc., a Delaware corporation, plaintiff, appealed from a judgment of the district court entered November 27, 1963, dismissing plaintiff's first amended complaint filed October 31, 1963, which prayed for a declaratory judgment that section 28-1, et seq. of the municipal code of Chicago be held unconstitutional and void, and that the city and other defendants be enjoined from enforcing it against plaintiff.
 
 
 2
 The facts are not in dispute. Plaintiff has its principal place of business in the City of Chicago, and, under contracts with the railroads, which operate to and from Chicage rail terminals, it transports rail passengers and baggage between said terminals. Otherwise it does not operate as a for-hire carrier. All of the railroad terminals which are served by Transfer are located in the downtown area of Chicago.[1]
 
 
 3
 On August 24, 1959, defendant city by ordinance amended its existing 28-1 of the municipal code relating to public passenger vehicles, and thereby expressly defined the term 'Terminal Vehicle' in such a way as to describe plaintiff's service and imposed a specified annual license fee for each such vehicle. The ordinance also granted to the Public Vehicle License Commissioner of the city authority to determine the financial responsibility of the licensee, and whether vehicles are safe as well as comfortable, as well as other powers of supervision over plaintiff's vehicles. The ordinance also required that plaintiff maintain its principal office in the City of Chicago, that its drivers reside in that city and that the color of its vehicles be approved by the Commissioner.
 
 
 4
 Under date of September 15, 1961, the Commissioner by letter notified plaintiff that unless it applied for licenses for its vehicles by September 22, 1961, it was to cease operation until the ordinance had been fully complied with.
 
 
 5
 This litigation followed.
 
 
 6
 After plaintiff filed its brief in this court on March 17, 1964, defendants filed their brief here on May 6, 1964 and stated therein that the City of Chicago on July 1, 1963 amended the ordinance here involved so that 28-15.1 now provides:
 
 
 7
 'In the event that the Commissioner (Public Vehicle License Commissioner) after investigation and hearing, shall determine that any licensee * * * shall fail to carry out any representation made to the Commissioner before the issuance of such license, or shall wilfully make any material misstatement of fact on any statement filed with the Commissioner, or if any * * * coachman (plaintiff is a coachman under section 28-1(m) of said ordinance as amended July 1, 1963, p. 575 of said Council Proceedings) while in charge of a public passenger vehicle, as a chauffeur, shall operate any public passenger vehicle in violation of the provisions of this chapter or of the rules and regulations of the Commissioner relating to the administration and enforcement of the provisions of this chapter, the Commissioner may recommend to the Mayor that all public passenger vehicle licenses held by him be revoked and the Mayor, in his discretion, may revoke said licenses.'
 
 Theretofore said section read as follows:
 
 8
 '28-15.1. Discretionary Revocation of License.) If any public passenger vehicle license was obtained by application in which any material fact was omitted or stated falsely, or if any cabman or coachman, while in charge of a public passenger vehicle as a chauffeur, shall operate any public passenger vehicle in violation of the provisions of this chapter or of the rules and regulations of the commissioner relating to the administration and enforcement of the provisions of this chapter, the commissioner may recommend to the mayor that all public passenger vehicle licenses held by him be revoked and the mayor, in his discretion, may revoke said licenses.'
 
 
 9
 Plaintiff, when it filed its reply brief on June 1, 1964, stated that the reading of defendants' brief was the first time that plaintiff learned of this amendment of the ordinance. It contends with considerable logic that the date of this amendment to the ordinance was prior to the time that defendants filed a motion to strike the first amended complaint, which was November 21, 1963, 'almost four months after the ordinance had been amended eliminating 'terminal vehicles' from its scope.' Plaintiff points out that it was on November 27, 1963 that the court's final order was entered herein.
 
 
 10
 Plaintiff argues from these facts that the copy of the ordinance attached to defendants' motion to dismiss had been amended four months earlier and yet the defendants were silent about the 'sweeping amendment'. If so, it contends that the district court ruled without knowledge that the ordinance it was construing had been materially amended four months earlier; and that 'terminal vehicles' had been removed from the ordinance. This amendment was disclosed to us for the first time in the defendants' brief filed in this Court. We express no opinion at this time as to this phase of the appeal.
 
 
 11
 In order that complete justice may be done in this case under these unusual circumstances, it is the order of this court that the judgment of the district court be vacated and this cause remanded to that court for further proceedings consistent with the facts now appearing in the record before us.
 
 
 12
 Judgment vacated and cause remanded with directions.
 
 
 
 [1]
 This service is described in our earlier decision in Atchison, Topeka & Santa Fe Railroad Company v. City of Chicago, 7 Cir., 240 F.2d 930 (1957), affirmed, 357 U.S. 77-88, 78 S.Ct. 1063, 2 L.Ed.2d 1174 (1958)